IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOZAY ROYAL, | : | CIVIL ACTION |
| | : | No. 08-4606 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH PLEAS COURT OF PHILADELPHIA, et al., | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this **23rd day of October 2009,** upon consideration of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (doc. no. 24) and Petitioner's objections thereto (doc. no. 25), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 8) is **DISMISSED without prejudice** on grounds that petitioner has failed to exhaust his state court remedies;[1] and

---

[1] On September 19, 1999, Petitioner Hozay Royal ("Petitioner") pled guilty in the Court of Common Pleas of Philadelphia County to one count of receiving stolen property as

a third-degree felony and was sentenced to 23 months imprisonment to be followed by three years of probation (the "September 1999 Guilty Plea"). Upon being released on probation, Petitioner was charged with theft and on December 19, 2002, his three-year probation was revoked and he received a sentence of 1-2 years of imprisonment to be followed by three years of probation. Petitioner was incarcerated for two years pursuant to this sentence and was released on July 15, 2004. After his July 2004 release, Petitioner absconded from a federal "half-way house" and was arrested on November 20, 2007. On May 29, 2008, Petitioner was sentenced at a Violation from Probation hearing to serve 1-2 years imprisonment, followed by two years of reporting probation. At the time this sentence was imposed Petitioner had served 47 months of incarceration.

Petitioner submits this *habeas corpus* petition on the grounds that his sentence was illegal because he was sentenced incorrectly pursuant to the September 1999 Guilty Plea. Petitioner argues that the stolen property relating to the charges stemming from his September 1999 Guilty Plea should have been valued at $800, and therefore, the offense should have been limited under Pennsylvania law to a category one misdemeanor, which carries a maximum of five years total confinement. See 18 Pa. C.S.A. § 3903. Petitioner contends that the sentence resulting from the September 1999 Guilty Plea is illegal because it had the potential to result in incarceration for a period above the five-year maximum allowance for a first-degree misdemeanor pursuant to Pennsylvania law. Thus, Petitioner submits that the time that he is imprisoned after June 29, 2009 constitutes an irreparable injury.

On July 22, 2008, Petitioner filed a timely notice of appeal in the Pennsylvania Superior Court, in which Petitioner raised the same issue regarding the illegality of his sentence. The briefing in that matter was completed in May 2009. On August 24, 2009, Petitioner's sentence was affirmed per curiam by a three-judge panel in the Pennsylvania Superior Court. On September 16, 2009, Petitioner filed an application for reconsideration of that decision in the Pennsylvania Superior Court. That application is currently pending.

Pursuant to the exhaustion doctrine, a federal court is precluded from considering the merits of a habeas petition where the petitioner has failed to comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This exhaustion principle

---

mandates that a state prisoner allow the "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006). In order to be deemed exhausted, a claim must be "fairly presented" to the state courts, meaning that the petitioner has raised "the same factual and legal basis for the claim to the state courts." Nara v. Frank, 468 F.3d 187, 197-98 (3d Cir. 2007) (citing Duncan v. Henry, 513 U.S. 364, 366,(1995) (per curiam )). The petitioner retains the burden to prove all facts relevant to the exhaustion requirement. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) (citing Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)). The exhaustion requirement is excused pursuant to 28 U.S.C. §§ 2254(b)(1)(B)(i) and (ii), where no available state corrective process exists or the particular circumstances of the case render the state process ineffective to protect the petitioner's rights. 28 U.S.C. §§ 2254(b)(1)(B)(i) and (ii). Id.

     Here, Petitioner concedes that the present claim is unexhausted since he has yet to complete one full round of the state review process. Petitioner argues, however, that this petition fits the exception under 28 U.S.C. § 2254(b)(1)(B)(ii) because the corresponding state process is ineffective to protect his rights. Specifically, the Petitioner contends that the delayed pace through which his state appeal is proceeding through the Pennsylvania state courts renders this avenue of relief ineffective. While inordinate delay in state court proceedings is recognized as a unique "circumstances" to qualify under section 2254(b)(1)(B)(ii), the delay at issue must be significant. See e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir.2004) (eight year delay of PCRA petition with no resolution was inordinate delay); Coss v. Lackawanna Co. Dist. Att'y, 204 F.3d 453, 460 (3d Cir. 2000), rev'd on other grounds, 532 U.S. 394 (2001) (seven-year delay); Story v. Kindt, 26 F.3d 402, 406 (3d Cir. 1994)(nine year delay); Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) (thirty-three month delay). The Third Circuit recognized in Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002), that the "thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement." See also Singleton v. Wynder, 485 F. Supp. 2d 602, 606 (E.D. Pa. 2007) (refusing to classify 19 month delay as inordinate). Furthermore, whether the delay is attributable to Petitioner is a relevant consideration in determining whether the delay is inordinate. Singleton, 485 F. Supp. 2d at 606. Even

    4.    The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. no. 13) is **DISMISSED**.[2]

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

assuming that the delay is chargeable entirely to the Commonwealth, the length of the delay is insufficient to render the state court process ineffective pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii).

    Petitioner's state court proceeding commenced approximately 15 months ago and has progressed through the Pennsylvania state court systems with due dispatch. The appeal was assigned to a three-judge panel on May 4, 2009, briefing was completed in May 2009, and the issued was decided on August 24, 2009. Petitioner filed a motion for an extension to file his application for reconsideration, which was promptly granted by the Superior Court. Furthermore, Petitioner still possesses the right to appeal this decision to the Pennsylvania Supreme Court. Thus, the Petitioner cannot establish that the appeal is being delayed excessively to constitute an ineffective protection of his rights pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii).

    Therefore, although Petitioner's appeal to the Pennsylvania Superior Court was denied subsequent to Magistrate Judge Hart's Report and Recommendation, since Petitioner's application for reconsideration is pending, the Petitioner has not completed a full round of state review. Thus, Petitioner's claim is unexhausted, Magistrate Judge Hart's Report and Recommendation is approved and adopted, and the petition is **dismissed without prejudice**.

    [2]    Petitioner attempts to file a second petition requesting relief pursuant to 28 U.S.C. § 2241, in contradiction to the Court's October 16, 2008 Order instructing Petitioner that his relief is limited to 28 U.S.C. § 2254. Since section 2241 is not the proper avenue for relief sought by the Petitioner, this petition is **dismissed**.